IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. _____

FRONTIER AIRLINES, INC., A Colorado Corporation,

      Plaintiff,

v.

BULLFRONTIER, LLC,
An Ohio Limited Liability Company,

      Defendant.

---

## COMPLAINT AND JURY DEMAND

---

Plaintiff's Frontier Airlines, Inc. ("Plaintiff," or "Frontier"), in support of its Complaint against BullFrontier, LLC ("BullFrontier"), alleges and states as follows:

### NATURE OF THE ACTION

This is an action for trademark infringement and unfair competition resulting from BullFrontier's unauthorized use of Frontier's green and white **FRONTIER** mark in a manner intended to cause consumer confusion.

Frontier's claims arise under the Lanham Act 15 U.S.C. § 1125(a) and common law. Frontier seeks, among other relief, a preliminary and permanent injunction to prevent BullFrontier from continuing to use the green and white **FRONTIER** mark, and from otherwise engaging in unfair competitive acts.

## THE PARTIES

1. Plaintiff Frontier Airlines, Inc. is a Colorado corporation, having its principal place of business at 7001 Tower Road, Denver, Colorado, 80249.

2. Upon information and belief, Defendant BullFrontier, LLC is an Ohio Limited Liability Company with a principal places of business at 243 Denison Drive, Granville, OH 43023, and an alternate business address at 1920 Monticello Court, Sandy Springs, GA 30350.

## JURISDICTION AND VENUE

3. This action arises under the Lanham act, 15 U.S.C. § 1051, *et seq*, and common law.

4. The Court has jurisdiction pursuant to 15 U.S.C. § 1121 and 28 U.S.C. §§ 1331, 1338 and 1367.

5. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b) and (c) because BullFrontier conducts business in this district, including by owning and operating an interactive website accessible in this district through which it promotes its goods and services to consumers in this district and on which it has committed the acts of infringement and unfair competition complained of herein.

## GENERAL ALLEGATIONS

### Frontier's Trademark Rights

6. For the past twenty years, Frontier has been operating a commercial airline under the brand FRONTIER. Frontier employs more than 5,500 aviation professionals across the United States and in two foreign countries. Frontier operates more than 500 daily flights from hubs at Denver International Airport, Milwaukee's General Mitchell International Airport and Kansas

City International Airport, offering service to more than 80 destinations in the United States, Mexico, Jamaica, Dominican Republic, and Costa Rica.

7. Frontier owns the following valid U.S. trademark registrations involving the mark FRONTIER:

| MARK | SERVICES | REG. NO./APP. NO. | REG. DATE / APP. DATE |
|---|---|---|---|
| FRONTIER | Class 36 - Credit card services marketed in conjunction with the provision of passenger air transportation services | 3,135,171 | 8/29/2006 |
| FRONTIER AIRLINES | Class 39 - Air transportation services, namely the transportation of cargo, freight and passengers | 3,073,644 | 3/28/2006 |
| FRONTIER AIRLINES | Class 36 – Credit card services | 3,0188,731 | 12/26/2006 |
| FRONTIER EXPRESS | Class 39 – Air transportation services, namely the transportation of cargo, freight, and passengers | 4,028,246 | 7/5/2011 |
| FLY FRONTIER.COM | Class 36 – Air transportation services, namely the transportation of cargo, freight, and passengers; making reservations and bookings for transportation; providing travel information over computer networks and global communication networks; providing a website featuring information in the field of air transportation | 4,317,214 | 1/22/2013 |

-3-

| MARK | SERVICES | REG. NO./APP. NO. | REG. DATE / APP. DATE |
|---|---|---|---|
| FRONTIER VACATIONS | Class 39 – Travel agency services, namely, making reservations and bookings for transportation and providing information concerning travel over computer networks and global communication networks<br><br>Class 43 – Travel agency services, namely making reservations and bookings for temporary accommodations; hotel and lodging services, namely providing and relaying information and securing payment in connection with reservations and bookings for temporary lodging, by means of a telephone, facsimile, the mails, courier or global computer network | 3,565,188 | 6/3/2008 |

8. The foregoing registrations are valid and subsisting and constitute *prima facie* evidence of the validity of the mark and registrations, of Frontier ownership of and exclusive right to use the mark in commerce, and provide constructive notice of Plaintiff's rights.

9. In addition to its multiple Federal Registrations, Frontier has also consistently used the FRONTIER mark in commerce in a bold, san-serif, block font with a green and white color scheme, as shown here: **FRONTIER**.

10. Frontier is also known for its marketing and branding using various animals in close proximity to its green and white **FRONTIER** mark, as seen here (The FRONTIER/Animal Design):

-4-

-5-



11. As a result of Frontier's twenty years of consistent use, and its voluminous sales and marketing, the green and white **FRONTIER** mark and the FRONTIER/Animal Design have become well known and famous, and were famous prior to when BullFrontier began using its infringing BullFrontier mark as described below.

12. Frontier has expended substantial time, money, and effort marketing and advertising its products and services under the green and white **FRONTIER** mark and the FRONTIER/Animal Design.

### BullFrontier's Infringing Activities

13. BullFrontier owns and operates the website located at www.BullFrontier.com.

14. On its website, BullFrontier prominently displays its Infringing Logo, depicted here:



15. The Infringing Logo uses a nearly identical block, san-serif font, and green and white color scheme as Frontier's **FRONTIER** mark, in addition to using the mark in close proximity to an animal.

16. Upon information and belief, BullFrontier uses its Infringing Logo in various manners connected to its business, including the transportation of its livestock and other cargo nationwide.

17. On November 15, 2011, BullFrontier filed U.S. Trademark Application 85/472,994 seeking to register its Infringing Logo in International Class 31 for "Livestock."

18. After unsuccessful attempting to resolve its dispute with BullFrontier privately, Frontier filed an opposition against BullFrontier in front of the Trademark Trial and Appeal Board on April 3, 3013.

19. BullFrontier's Answer in that proceeding was due on May 15, 2013, (*See* TTAB Order in Proceeding No. 91210073 Setting Answer Date, Ex. A), however, BullFrontier never filed an Answer.

20. On July 3, 2013 the TTAB granted Frontier's Motion for Default Judgment against BullFrontier.  (Ex. B).

**FIRST CAUSE OF ACTION**
**(Federal Unfair Competition - 15 U.S.C. § 1125(a))**

21. Frontier incorporates by reference the preceding allegations of this Complaint.

22. BullFrontier has used and continues to use the Infringing Mark in connection with advertising, promoting, and carrying out its services without authorization or license by Frontier to do so.

23. BullFrontier's conduct is likely to cause confusion or mistake or to deceive customers as to the affiliation, sponsorship, connection, or association of BullFrontier, and its services and products, with Frontier, all to Frontier's harm in violation of 15 U.S.C. §1125.

24. BullFrontier' conduct also constitutes an attempt to trade on the goodwill that Frontier has developed in the green and white **FRONTIER** mark and the FRONTIER/Animal Design, all to the damage of Frontier.

25. BullFrontier' conduct has caused or is likely to cause damage and irreparable injury to the value, good will, and reputation of Frontier's trademarks and business, which will continue unless BullFrontier is ordered to cease using the Infringing Mark.

26. Frontier is entitled to temporary, preliminary, and permanent injunctive relief and an award of BullFrontier profits, actual damages, treble damages, attorneys' fees, costs and interest.

**SECOND CAUSE OF ACTION**
**(Common Law Trademark Infringement and Unfair Competition)**

27. Frontier incorporates by reference the preceding allegations of this Complaint.

28. BullFrontier's use of the word "Frontier" in a block font and green and white color scheme, and in connection with the image of an animal, so resemble Frontier's prior use of the

green and white **FRONTIER** mark and the FRONTIER/Animal Design so as to be likely to cause confusion or mistake to consumers and cause irreparable harm to Frontier.

29. Such confusion constitutes common law trademark infringement and unfair competition unless restrained by this Court, as Frontier has no adequate remedy at law for this injury.

30. BullFrontier acted with full knowledge of Frontier's use of, and rights to, the green and white **FRONTIER** mark and the FRONTIER/Animal Design, and without regard to the likelihood of confusion for the public that was created by BullFrontier' activities.

31. BullFrontier' actions demonstrate a willful and malicious intent to trade on the goodwill associated with the green and white **FRONTIER** mark and the FRONTIER/Animal Design to the great and irreparable injury to Frontier.

32. As a result of BullFrontier' acts, Frontier has been damaged in an amount not yet determined or ascertainable. At a minimum, however, Frontier is entitled to injunctive relief, and an accounting of BullFrontier' profits, damages, and costs. Further, in light of the deliberately fraudulent and willful use of the green and white **FRONTIER** mark and the FRONTIER/Animal Design, and the need to deter BullFrontier from similar conduct in the future, Frontier is entitled to punitive damages.

### THIRD CAUSE OF ACTION
(Trademark Dilution - 15 U.S.C. § 1125(c) )

33. Frontier incorporates by reference the preceding allegations of this Complaint.

34.  Frontier's green and white **FRONTIER** mark and FRONTIER/Animal Design are distinctive and famous, and became famous well prior to when BullFrontier began using its infringing BullFrontier mark

35.  BullFrontier's Infringing Logo so resembles Frontier famous and distinctive green and white **FRONTIER** mark and FRONTIER/Animal Design that it is likely to cause dilution of Frontier's green and white **FRONTIER** mark and FRONTIER/Animal Design.

36.  As a result of that likelihood of dilution, Plaintiff believes that it would be damaged by BullFrontier's continued use of the Infringing Logo.

## PRAYER FOR RELIEF

FOR THESE REASONS, Frontier prays for a judgment in its favor and against BullFrontier as follows:

1.  For a temporary, preliminary and permanent injunction against BullFrontier, its agents, servants, employees, representatives, and attorneys, and all other persons in active concert or participation with it enjoining and restraining them from:

    a.  Using the Infringing Mark, or the green and white **FRONTIER** trademark (and/or any other of Frontier's marks) alone, or in combination with other terms or designs, or using any reproduction, copy, or colorable imitation or variation of the green and white **FRONTIER** trademark on or in connection with

its website, the advertising, distribution, sale, or offering for sale of any electronic-related services and products;

   b. Performing any other acts that are likely to lead the public to believe that products or services provided or sold by BullFrontier are in any manner licensed, sponsored, approved or authorized by Frontier;

  2. For an Order that BullFrontier cease all acts of trademark infringement, unfair competition, and deceptive trade practices;

  3. For all damages Frontier has suffered by reason of BullFrontier' unlawful activities;

  4. For all profits wrongfully derived by BullFrontier through its unlawful activities;

  5. For prejudgment and post-judgment interest, pursuant to 15 U.S.C. § 1117(b) and other applicable law;

  6. For a determination that this case be deemed to be an "exceptional" case and awarding costs of suit and reasonable attorneys' fees and disbursements, pursuant to 15 U.S.C. § 1117(b) and other applicable law; and for such other and further relief as this Court deems just and equitable.

## JURY DEMAND

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Frontier demands a trial to a jury on all issues so triable.

Dated: July 31, 2013

                Respectfully submitted,

                /s/ *Timothy P. Getzoff*

                Timothy P. Getzoff
                Emily J. Cooper*
                HOLLAND & HART LLP
                1800 Broadway Street, Suite 300
                Boulder, Colorado 80302
                Telephone: 303-473-2700
                Facsimile: 303-473-2720

                * *Admitted in NY and MA only*

                **ATTORNEYS FOR PLAINTIFFS**

Address of Plaintiff:

Frontier Airlines, Inc.
7001 Tower Road
Denver, Colorado, 80249

6230463_1