# EXHIBIT A

UNITED STATES PATENT AND TRADEMARK OFFICE
Trademark Trial and Appeal Board
P.O. Box 1451
Alexandria, VA 22313-1451

Mailed: April 3, 2013

Opposition No. 91210073
Serial No. 85472994

BULLFRONTIER

PO BOX 646
GRANVILLE, OH 43023-0646
indhira.delossantos@bullfrontier.com;jo

Frontier Airlines, Inc.

v.

BullFrontier

Scott S. Havlick
Holland & Hart LLP
PO Box  8749ATTN:  Trademark Docketing
Denver, CO 80201
docket@hollandhart.com, shavlick@hollandhart.com,
ejcooper@hollandhart.com, drickers@hollandhart.com

ESTTA530376

**A notice of opposition to the registration sought by the above-identified application has been filed.** A service copy of the notice of opposition was forwarded to applicant (defendant) by the opposer (plaintiff). An electronic version of the notice of opposition is viewable in the electronic file for this proceeding via the Board's TTABVUE system: http://ttabvue.uspto.gov/ttabvue/v?qs=91210073.

**Proceedings will be conducted in accordance with the Trademark Rules of Practice, set forth in Title 37, part 2, of the Code of Federal Regulations ("Trademark Rules").** These rules may be viewed at the USPTO's trademarks page: http://www.uspto.gov/trademarks/index.jsp. The Board's main webpage (http://www.uspto.gov/trademarks/process/appeal/index.jsp) includes information on amendments to the Trademark Rules applicable to Board proceedings, on Alternative Dispute Resolution (ADR), Frequently Asked Questions about Board proceedings, and a web link to the Board's manual of procedure (the TBMP).

**Plaintiff must notify the Board when service has been ineffective, within 10 days of the date of receipt of a returned service copy or the date on which plaintiff learns that service has been ineffective.** Plaintiff has no subsequent duty to investigate the defendant's

2

whereabouts, but if plaintiff by its own voluntary investigation or through any other means discovers a newer correspondence address for the defendant, then such address must be provided to the Board. Likewise, if by voluntary investigation or other means the plaintiff discovers information indicating that a different party may have an interest in defending the case, such information must be provided to the Board. The Board will then effect service, by publication in the Official Gazette if necessary. *See* Trademark Rule 2.118. In circumstances involving ineffective service or return of defendant's copy of the Board's institution order, the Board may issue an order noting the proper defendant and address to be used for serving that party.

**Defendant's ANSWER IS DUE FORTY DAYS after the mailing date of this order.** (*See* Patent and Trademark Rule 1.7 for expiration of this or any deadline falling on a Saturday, Sunday or federal holiday.) **Other deadlines the parties must docket or calendar are either set forth below (if you are reading a mailed paper copy of this order) or are included in the electronic copy of this institution order viewable in the Board's TTABVUE system at the following web address:** http://ttabvue.uspto.gov/ttabvue/ .

Defendant's answer and any other filing made by any party must include proof of service. *See* Trademark Rule 2.119. **If they agree to, the parties may utilize electronic means, e.g., e-mail or fax, during the proceeding for forwarding of service copies.** *See* Trademark Rule 2.119(b)(6).

The parties also are referred in particular to Trademark Rule 2.126, which pertains to the form of submissions. **Paper submissions, including but not limited to exhibits and transcripts of depositions, not filed in accordance with Trademark Rule 2.126 may not be given consideration or entered into the case file.**

| | |
|---|---|
| Time to Answer | 5/13/2013 |
| Deadline for Discovery Conference | 6/12/2013 |
| Discovery Opens | 6/12/2013 |
| Initial Disclosures Due | 7/12/2013 |
| Expert Disclosures Due | 11/9/2013 |
| Discovery Closes | 12/9/2013 |
| Plaintiff's Pretrial Disclosures | 1/23/2014 |
| Plaintiff's 30-day Trial Period Ends | 3/9/2014 |
| Defendant's Pretrial Disclosures | 3/24/2014 |
| Defendant's 30-day Trial Period Ends | 5/8/2014 |
| Plaintiff's Rebuttal Disclosures | 5/23/2014 |
| Plaintiff's 15-day Rebuttal Period Ends | 6/22/2014 |

**As noted in the schedule of dates for this case, the parties are required to have a conference to discuss:  (1) the nature of and basis for their respective claims and defenses, (2) the possibility of**

settling the case or at least narrowing the scope of claims or defenses, and (3) arrangements relating to disclosures, discovery and introduction of evidence at trial, should the parties not agree to settle the case. *See* Trademark Rule 2.120(a)(2). Discussion of the first two of these three subjects should include a discussion of whether the parties wish to seek mediation, arbitration or some other means for resolving their dispute. Discussion of the third subject should include a discussion of whether the Board's Accelerated Case Resolution (ACR) process may be a more efficient and economical means of trying the involved claims and defenses. Information on the ACR process is available at the Board's main webpage. Finally, if the parties choose to proceed with the disclosure, discovery and trial procedures that govern this case and which are set out in the Trademark Rules and Federal Rules of Civil Procedure, then they must discuss whether to alter or amend any such procedures, and whether to alter or amend the Standard Protective Order (further discussed below). Discussion of alterations or amendments of otherwise prescribed procedures can include discussion of limitations on disclosures or discovery, willingness to enter into stipulations of fact, and willingness to enter into stipulations regarding more efficient options for introducing at trial information or material obtained through disclosures or discovery.

The parties are required to conference in person, by telephone, or by any other means on which they may agree. A Board interlocutory attorney or administrative trademark judge will participate in the conference, upon request of any party, provided that such participation is requested no later than ten (10) days prior to the deadline for the conference. *See* Trademark Rule 2.120(a)(2). The request for Board participation must be made through the Electronic System for Trademark Trials and Appeals (ESTTA) or by telephone call to the interlocutory attorney assigned to the case, whose name can be found by referencing the TTABVUE record for this case at http://ttabvue.uspto.gov/ttabvue/. The parties should contact the assigned interlocutory attorney or file a request for Board participation through ESTTA only after the parties have agreed on possible dates and times for their conference. Subsequent participation of a Board attorney or judge in the conference will be by telephone and the parties shall place the call at the agreed date and time, in the absence of other arrangements made with the assigned interlocutory attorney.

**The Board's Standard Protective Order is applicable to this case, but the parties may agree to supplement that standard order or substitute a protective agreement of their choosing, subject to approval by the Board.** The standard order is available for viewing at: http://www.uspto.gov/trademarks/process/appeal/guidelines/stndagmnt.jsp. Any party without access to the web may request a hard copy of the standard order from the Board. The standard order does not automatically protect a party's confidential information and its provisions must be utilized as needed by the parties. *See* Trademark Rule 2.116(g).

**Information about the discovery phase of the Board proceeding is available in chapter 400 of the TBMP. By virtue of amendments to the Trademark Rules effective November 1, 2007, the initial disclosures and expert disclosures scheduled during the discovery phase are required only in cases commenced on or after that date.** The TBMP has not yet been amended to include information on these disclosures and the

parties are referred to the August 1, 2007 Notice of Final Rulemaking (72 Fed. Reg. 42242) posted on the Board's webpage. The deadlines for pretrial disclosures included in the trial phase of the schedule for this case also resulted from the referenced amendments to the Trademark Rules, and also are discussed in the Notice of Final Rulemaking.

**The parties must note that the Board allows them to utilize telephone conferences to discuss or resolve a wide range of interlocutory matters that may arise during this case.** In addition, the assigned interlocutory attorney has discretion to require the parties to participate in a telephone conference to resolve matters of concern to the Board. *See* TBMP § 502.06(a) (2d ed. rev. 2004).

**The TBMP includes information on the introduction of evidence during the trial phase of the case, including by notice of reliance and by taking of testimony from witnesses.** *See* TBMP §§ 703 and 704. Any notice of reliance must be filed during the filing party's assigned testimony period, with a copy served on all other parties. Any testimony of a witness must be both noticed and taken during the party's testimony period. A party that has taken testimony must serve on any adverse party a copy of the transcript of such testimony, together with copies of any exhibits introduced during the testimony, within thirty (30) days after the completion of the testimony deposition. *See* Trademark Rule 2.125.

**Briefs shall be filed in accordance with Trademark Rules 2.128(a) and (b).** An oral hearing after briefing is not required but will be scheduled upon request of any party, as provided by Trademark Rule 2.129.

If the parties to this proceeding are (or during the pendency of this proceeding become) parties in another Board proceeding or a civil action involving related marks or other issues of law or fact which overlap with this case, they shall notify the Board immediately, so that the Board can consider whether consolidation or suspension of proceedings is appropriate.

**ESTTA NOTE:** For faster handling of all papers the parties need to file with the Board, the Board strongly encourages use of electronic filing through the Electronic System for Trademark Trials and Appeals (ESTTA). Various electronic filing forms, some of which may be used as is, and others which may require attachments, are available at http://estta.uspto.gov.

4